MICHAEL E. KIRBY, Judge.
1 TThis appeal involves the dismissal of a claim for death benefits under the Louisiana Workers’ Compensation Law. The plaintiffs in this case are Christopher Doyle, Jr. and Jeanne Labat, the parents of deceased New Orleans Police Officer Christopher Doyle, III. For reasons that follow, we affirm.
On November 19, 2005, Officer Doyle died after undergoing surgery to repair a perforated bowel. Officer Doyle’s parents filed a claim for workers’ compensation death benefits, alleging that Officer *198 Doyle’s death resulted from damage or injury to internal organs caused by work-related activity during the aftermath of Hurricane Katrina. The City of New Orleans, Officer Doyle’s employer at the time of his death, denied plaintiffs’ allegation that Officer Doyle’s death was in any way related to his employment with the New Orleans Police Department (“NOPD”).
The following facts are not in dispute. In 1998, Officer Doyle was diagnosed with ulcerative colitis. In February 2004, he underwent surgery that included the removal of his colon. He returned to work following this surgery, and |2performed his duties as a street officer without incident until Hurricane Katrina struck on August 29, 2005. Officer Doyle remained on the job during the aftermath of Katrina. On November 18, 2005, he went to East Jefferson Hospital emergency room with a high fever. He underwent surgery that day for a perforated bowel and died on November 19, 2005. His death certificate lists the cause of death as peritonitis resulting from the repair of a bowel perforation.
After this case was submitted on exhibits only, the workers’ compensation judge rendered judgment dismissing plaintiffs’ claim, finding that they are not entitled to death benefits pursuant to La. R.S. 23:1231. In reasons for judgment, the judge stated that none of the physicians who treated Officer Doyle could causally connect his perforated colon and resulting death with his job or work duties. The judge found that the plaintiffs failed to carry their burden of establishing a causal connection between an employment accident and resulting death by a reasonable preponderance of the evidence as required under the Louisiana Workers’ Compensation Act. Finding that the evidence presented on the issue of a work-related event causing Officer’s Doyle’s death was at best speculative and riddled with conjecture, the judge dismissed plaintiffs’ claim for workers’ compensation death benefits.
Plaintiffs appealed, arguing that the workers’ compensation judge erred in denying their claim for death benefits and in refusing to admit into evidence a videotape of a television report on the memorial honoring Officer Doyle. Plaintiffs argue that the lower court committed legal error in failing to consider the totality of |sthe evidence in denying death benefits and in failing to give plaintiffs the benefit of the presumption afforded claimants when employees who are otherwise healthy suffer injury by accident and later die under circumstances that would indicate a reasonable possibility of a causal connection between the accident and the death. They further argue that the evidence presented was sufficient to establish a causal connection between Officer Doyle’s work-related duties and his death.
La. R.S. 23:1231 provides:
A. For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart.
B. (1) If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident.
(2) However, if the employee leaves no legal dependents entitled to benefits un *199 der any state or federal compensation system, the sum of seventy-five thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases.
14A claimant’s burden of proof in a workers’ compensation death benefits case was set forth in McKelvey v. City of Dequincy, 07-604, pp. 4-5 (La.App. 3 Cir. 11/14/07), 970 So.2d 682, 686, as follows:
The plaintiff in a death benefits case bears the burden of proving, by a reasonable preponderance of the evidence, that a causal relationship exists between the employment accident and death. Hammond v. Fidelity & Cos. Co. of New York, 419 So.2d 829, 831 (La.1982). It is not necessary for the plaintiff to establish the exact cause of the disability or, in this case, the death, but it is necessary for the plaintiff to “demonstrate by a preponderance of proof that the accident [that was] sustained has [a] causal relationship with [the] disability.” Quinones v. U.S. Fidelity and Guar. Co., 93-1648 (La.1/14/94), 630 So.2d 1303, citing Russell v. Employers Mutual Liability Insurance Co. of Wisconsin, 246 La. 1012, 169 So.2d 82, 88 (La.1964).
Based on our review of the record, including the written reasons for judgment, we find no merit in plaintiffs’ argument that the workers’ compensation judge committed legal error in her determination of plaintiffs’ entitlement to death benefits. The judge clearly considered the totality of the evidence presented in rendering judgment. Because we find no legal error in this case, a de novo review is not required. “Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review.” Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556, (citing Smith v. La. Dept. of Corrections, 93-1305, p. 4, (La.2/28/94), 633 So.2d 129, 132; Freeman v. Poulan/Weed Eater, 93-1530, pp. 4-5, (La.1/14/94), 630 So.2d 733, 737-38.).
la As stated above, this disputed claim for death benefits was submitted to the workers’ compensation judge on the written record only, without testimony of the witnesses. The record includes the deposition testimony of four physicians who treated Officer Doyle for his medical condition at various times. Also included in the record are letters submitted by these same four physicians in support of the NOPD’s request to add Officer Doyle’s name to the National Law Enforcement Officers Memorial.
We find no error in the decision of the workers’ compensation judge to deny plaintiffs’ claim for workers’ compensation death benefits. Even assuming arguendo that the aftermath of Hurricane Katrina constitutes an “accident,” the record supports the judge’s finding that plaintiffs did not carry their burden of establishing a causal connection between Officer Doyle’s work activities in the weeks following Hurricane Katrina and his death from peritonitis following surgery to repair a bowel perforation on November 18, 2005.
Several months after Officer Doyle’s death, the NOPD sought to have Officer Doyle’s name added to the National Law Enforcement Memorial in Washington, D.C. In support of this request, the NOPD submitted a letter outlining Officer Doyle’s dedicated service to the community in the aftermath of Hurricane Katrina, and his insistence on continuing to perform his duties in the worst possible conditions despite the fact that he was urged by his supervisor to take time off to rest due to his chronic illness. Also attached to the request to add Officer Doyle’s name to the memorial were letters from Drs. Howard *200 I. Brenner, G. Richard Puente, Frank J. Wessels and David C. Longcope. The physicians who submitted letters treated Officer Doyle at various stages of his illness.
| (¡Plaintiffs argue that the contents of the letters submitted by the four physicians constitute medical opinions that Officer Doyle died in the line of duty because of conditions caused by Hurricane Katrina. The letters praise Officer Doyle’s service on the police force in the days and weeks following Katrina, even though he was suffering the effects of his chronic ailment of ulcerative colitis. The letters of Dr. Brenner and Dr. Puente included the sentence, “I feel that the long hours and stress that he was under probably contributed to his early demise.”
When the depositions of these physicians were later taken, all four physicians testified that they wrote the letters at the request of Officer’s Doyle’s mother for the purpose of supporting her efforts to have her son’s name added to the memorial. Under questioning about the cause of Officer Doyle’s perforated colon that resulted in his death, none of the physicians could causally connect Officer Doyle’s perforated colon and resulting death with the conditions he faced while working as a police officer during the aftermath of Hurricane Katrina.
Dr. Brenner, a gastroenterologist, treated Officer Doyle before Hurricane Katrina but was not involved in his care after 2004. He testified that his letter submitted in support of Officer Doyle’s inclusion in the memorial was not intended to be a medical diagnosis. Dr. Brenner could not say whether there was a causal connection between Officer Doyle’s work following Katrina and his death.
Dr. Puente, a gastroenterologist, testified that stress may have played a role in Officer Doyle’s condition but he could not say whether or not it was the cause of his death. He stated that he does not believe Officer Doyle’s bowel was perforated during or immediately after the storm. Instead, he believes the perforation probably occurred shortly before his admission to the hospital on November 18, 2005. Dr. Puente could not say Officer Doyle’s work conditions following the |7storm, including exposure to flood waters and deprivation of proper nutrition, caused him to develop the bowel perforation that led to his death.
Dr. Longcope, a specialist in colon and rectal surgery, testified that he performed surgery on Officer Doyle in 2004 to remove his colon due to his ulcerative colitis. The surgery was a “total proctolocolectomy with ileoanal pouch anastomosis and diverting loop ileostomy.” Dr. Longcope described the procedures he performed on Officer Doyle in 2004 as follows:
He had ulcerative colitis, which is a disease of the entire colon, so he had his entire colon removed and he had what’s called an ileoanal pouch, which is a reservoir like a new type of rectum made out of his small intestines, and that was brought down and hooked up to the anus. He also had a temporary ileosto-my which I then subsequently closed approximately six weeks later.
Officer Doyle again sought treatment from Dr. Longcope in early October, 2005, complaining of rectal pain and decreased bowel movements. Dr. Longcope diagnosed pouchitis, which he described as an inflammation of the pouch, and treated Officer Doyle with antibiotics. He stated that no one knows what causes pouchitis. He further stated that there is no known relationship between pouchitis and bowel perforation.
In his testimony, Dr. Longcope could not say whether Officer Doyle’s working conditions after the hurricane caused the *201 perforation. He noted that in his letter written in support of Officer Doyle’s inclusion in the memorial, he did not say there was a causal connection between Officer Doyle’s work and his eventual death. While he stated his belief that the work conditions probably contributed to Officer Doyle’s underlying condition by suppressing the immune system, he could not say with certainty that there was a causal connection between the working conditions after the hurricane and Officer Doyle’s death.
lsDr. Wessels, a specialist in colon and rectal surgery, testified that he performed the emergency surgery on November 18, 2005 to repair Officer Doyle’s perforated bowel. He stated that he could only speculate that Officer Doyle’s work conditions after Hurricane Katrina may have contributed to his death but could not say there was a causal connection between the work conditions and his death. His opinion is that Officer Doyle died of complications from his ulcerative colitis. Dr. Wessels said that work conditions following Katrina possibly could have contributed to Officer Doyle’s diminished overall resistance to infection but he does not think the work conditions caused the bowel perforation or exacerbated the ulcerative colitis.
Our conclusion, after reviewing the record in its entirety, is that the trial court was not manifestly erroneous or clearly wrong in finding that the plaintiffs did not carry their burden of proving a causal connection between the working conditions faced by Officer Doyle in the aftermath of Hurricane Katrina and his death on November 19, 2005 following surgery to repair a perforated colon. The evidence relied upon by plaintiffs to support their theory that Officer Doyle’s death resulted from his working conditions after Katrina is at best speculative, which is insufficient to support a claim for death benefits under the workers’ compensation laws.
Plaintiffs also argue that the workers’ compensation judge erred in refusing to admit into evidence a videotape of a television report of the memorial honoring Officer Doyle. The videotape contains statements by officials of the NOPD, which plaintiffs attempted to offer for their factual content. The City objected to the admission of the videotape into evidence for four reasons: (1) it only received notice of the videotape ten days prior to the hearing, (2) plaintiffs produced no |9witnesses to properly authenticate the story or its reproduction onto the disc, (3) the videotape constitutes inadmissible hearsay evidence because it attempts to offer statements of witnesses not in court to prove the truth of the matter asserted, and (4) the videotape has no relevance and the potential prejudicial value far outweighs any probative value.
The workers’ compensation judge sustained the City’s objections to the introduction of the videotape and refused to admit it into evidence. In refusing to allow the videotape, the judge noted that the plaintiffs had the ability to subpoena some of the officers on the videotape to appear in court, which would be the more appropriate way to offer their testimony. The judge also found that ten days before trial was insufficient notice to the City of the existence of this videotape. Additionally, the judge voiced concerns about a news story including only selected pieces of information and about the defense not having the opportunity for cross-examination. For those reasons, the judge sustained the City’s objection but allowed the plaintiffs to proffer the videotape.
We find no error on the part of the workers’ compensation judge in sustaining the City’s objections to the introduction of the videotape into evidence. Louisiana *202 Code of Evidence Article 801 defines “hearsay” as “a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.” La. C.E. Article 802 states that “[h]earsay is not admissible except as otherwise provided by this Code or other legislation.” Plaintiffs have not shown that the officers in the news story featured on the videotape were unavailable to testify or that this videotape falls within any of the exceptions to the hearsay rule.
|inFor the reasons stated above, the judgment of the Office of Workers’ Compensation Administration denying plaintiffs’ claim for death benefits pursuant to La. R.S. 23:1231 is affirmed.
AFFIRMED.